**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

IN THE MATTER OF:           )
                                   )
JAMES CLAYTON PEDRICK,    )
MARIANNA GLEATON PEDRICK,)       CHAPTER 7 CASE NO.: 21-40234-EJC
                                   )
           DEBTORS.    )

### OBJECTION TO DEBTORS' MOTION TO CONVERT TO CHAPTER 13

NOW COMES, Tiffany E. Caron, Chapter 7 Trustee in the above-referenced case, and hereby files this Objection to Debtors' Motion to Convert to Chapter 13 as follows:

STATEMENT OF FACTS

1. The Debtors filed this case under Chapter 7 on April 6, 2021.

2. Tiffany E. Caron was appointed to be the Chapter 7 Trustee in this case on April 7, 2021.

3. The initial Section 341 Meeting of Creditors was scheduled for May 6, 2021.

4. The Debtors attended the Section 341 Meeting of Creditors on May 6, 2021.

5. The Section 341 Meeting of Creditors has been continued to June 7, 2021 for the Debtors to file Amended Schedules and provide additional documentation.

6. The Debtors filed a Schedule A/B along with the Petition on April 6, 2021.

7. The Debtors listed the following asset, among others, on Schedule A/B (the "Property"):

**Real Property:**

**219 E. 46th Street**        **Value: $240,000.00**
**Savannah, GA 31405**

8. The Debtors testified under oath at their meeting of creditors that the schedules were true and correct and that they were not aware of an errors or omissions they needed to bring to the attention of the Trustee.

9. The Trustee consulted with a licensed real estate agent who performed a search of comparable sales for the Property and determined that the value of the Property to be in the range of $300,000 to $315,000 based on recent sales of comparable properties.

10. The Trustee's real estate agent visited the Property and, based on the condition of the Property, determined that a list price of $310,000 would be appropriate for an "as is" sale within a relatively short period of time.

11. The Trustee entered into a listing agreement with the real estate agent, filed a Notice of Assets, an Application to Employ herself as counsel, and an Application to Employ the real estate agent to sell the Property.

12. The difference in the value of the Property listed by the Debtor in Schedule A/B and the value estimated by the Trustee's real estate agent is $70,000.00.

13. If the Property sold for $310,000, the Trustee is estimating approximately $34,000.00 being paid to the bankruptcy estate.

14. On Schedule I, the Debtors listed their total monthly income of $6,160.00 with sources of income as follows:

    a. Unemployment for Mr. Pedrick: $1,560.00 per month (does not state how much longer this will be coming in);

    b. Social Security for Mr. Pedrick: $2,500.00 per month;

    c. Pension/Retirement for Mr. Pedrick: $2,100.00 per month; and

    d. Mrs. Pedrick states she is unemployed.

15. On Schedule J, the Debtors listed total household expenses of $5,435.00 per month, leaving $725.00 per month in disposable income.  However, Debtors failed to list the $750.00 per month they are paying for their adult son's monthly rent (the Debtors also failed to list these payments as payments and/or transfers to insiders on their Statement of Financial

Affairs), $758.25 for monthly health insurance premium, $250.00 per month for attorney's fees for representation of Mr. Pedrick in his District Court case, and $110.00 for Savannah Golf Club membership (this amount varies from $110.00 per month up to $422.70 in March, 2021). In addition, prior to the filing of this case, the Debtors had not paid their mortgage payment in seven (7) months.

LAW AND ARGUMENT

I. Bad Faith

Under 11 U.S.C. Section 706, the Debtor is permitted to convert a case filed under Chapter 7 to Chapter 13 at any time, if the case has not been previously converted. However, §706 limits conversion to Debtors who are eligible to be Debtors under the other chapter. 11 U.S.C. §1307(c) provides for conversion to Chapter 7 or dismissal of a case filed under Chapter 13 "for cause". While bad faith is not specifically enumerated in the 11 factors for cause, bankruptcy courts have the authority to dismiss or convert a Chapter 13 to Chapter 7 premised on bad faith pursuant to 11 U.S.C. § 1307(c). See, e.g., *In re Myers*, 491 F.3d 120, 125 (3d Cir. 2007); *In re Lilley*, 91 F.3d 491, 496 (3d Cir.1996). In order to convert from Chapter 7 to Chapter 13, the Debtor must not be converting in bad faith.

Material misrepresentations and omissions in a debtor's schedules are factors that a court may consider in determining whether dismissal for bad faith is appropriate. See, e.g., In re Fox, 521 B.R. 520, 532 (Bankr. D.Md. 2014) (addressing bad faith under 11 U.S.C. § 707(b)(3)(A)). Debtors have an ongoing and independent duty to provide accurate and complete information on their schedules. See *In re Barrows*, 399 B.R. 506, 511 (Bankr. D. Minn. 2009)(Debtors acted in bad faith when they knowingly understated the balance in their checking account by over $13,000.00…and they testified at their meeting of creditors that their schedules were true, correct and complete).

The Debtor's right to convert to Chapter 13 is not without exceptions.  "In *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007), the Supreme Court recognized that through bad faith or fraud, a debtor may forfeit some of his or her rights under the Bankruptcy Code.  549 U.S. 365, 375, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007). In *Marrama*, the Chapter 7 debtor moved to convert his case to Chapter 13. The Chapter 7 Trustee and a creditor objected on the basis of the debtor's bad faith, because the debtor had misrepresented the value of his property when he filed for bankruptcy. The Supreme Court held that the debtor's right to convert his case under Section 706(a) of the Bankruptcy Code was forfeited by his bad faith"  *In re Criscuolo*, 2014 Bankr. LEXIS 2138 (Bankr. E.D. Va. May 12, 2014). "Nothing in the text of either § 706 or § 1307(c) (or the legislative history of either provision) limits the authority of the court to take appropriate action in response to fraudulent conduct by the atypical litigant who has demonstrated that he is not entitled to  the relief available to the typical debtor.  On the contrary, the broad authority granted to bankruptcy judges to take any action that is necessary or appropriate 'to prevent an abuse of process' described in § 105(a) of the Code, is surely adequate to authorize an immediate denial of a motion to convert filed under §706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors." *Marrama v. Citizens Bank*, 549 U.S. 365, 374-375, (U.S. Feb. 21, 2007). "In practical effect, a ruling that an individual's Chapter 13 case should be dismissed or converted to Chapter 7 because of prepetition bad-faith conduct, including fraudulent acts committed in an earlier Chapter 7 proceeding, is tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13. That individual, in other words, is not a member of the class of 'honest but unfortunate debtor[s]' that the bankruptcy laws were enacted to protect.  See *Grogan v. Garner*, 498 U.S., at 287, 111 S. Ct. 654, 112 L. Ed. 2d 755. The text of §

706(d) therefore provides adequate authority for the denial of his motion to convert." <u>Id.</u> at 373-374.

Schedules must be accurate and complete.  The Debtors have significantly undervalued their Property on Schedule A/B.  It is anticipated that, if this case proceeds under Chapter 7, the undervalued Property will be sold and provide a distribution to unsecured creditors.  If funds are available to distribute to creditors in this Chapter 7 case, the Debtors' creditors will be better off than if this case is converted to Chapter 13.

II.      Ineligibility for Chapter 13

The Debtors are not eligible to be Debtors under Chapter 13.  The Debtors in this case are receiving income solely from unemployment, Social Security and a retirement or pension.  After their actual expenses are added in, they will not have disposable income available to make payments in a Chapter 13.  Therefore, there are no available funds from which the Debtors would be able to fund a Chapter 13 plan and creditors will be better off receiving a distribution through the liquidation of assets in this case under Chapter 7.

WHEREFORE, for the reasons stated herein, Trustee requests this Court to enter an Order denying the Debtors' Motion to Convert to Chapter 13 and for such other and further relief as may be appropriate under the circumstances.

This 17th day of May, 2021.

Respectfully submitted,

By:  /s/ Tiffany E. Caron
Tiffany E. Caron
Georgia Bar Number 745089
Chapter 7 Trustee

Tiffany E. Caron
Chapter 7 Trustee
P.O. Box 711
West Palm Beach, FL 33402
404-647-4917

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

IN THE MATTER OF:          )
                                      )
JAMES CLAYTON PEDRICK,    )
MARIANNA GLEATON PEDRICK,)       CHAPTER 7 CASE NO.:  21-40234-EJC
                                        )
               DEBTORS.    )

## <u>CERTIFICATE OF SERVICE</u>

I, Tiffany E. Caron do hereby certify that I have this date served the foregoing Objection

to Motion to Convert upon the following by depositing a copy of the same in the United States

mail with proper postage affixed or through the Court's ECF system:

Office of the U.S. Trustee
Johnson Square Business Center
2 E. Bryan Street, Ste. 725
Savannah, GA. 31401

Richard C. E. Jennings
115 W. Oglethorpe Ave.
Savannah, GA 31401

James and Marianna Pedrick
219 E. 46th St.
Savannah, GA 31405

And

All parties receiving notice electronically through the Court's ECF Filing System.

This 20th day of December, 2017.

                                 MCCALLAR LAW FIRM

                                 By:  /s/ Tiffany E. Caron
                                 Tiffany E. Caron
                                 Georgia Bar Number 745089
                                 *Chapter 7 Trustee*

P.O. Box 711
West Palm Beach, FL 33402
404-647-4917
Tiffany.caron@hotmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

IN THE MATTER OF:                              )
                                                               )
JAMES CLAYTON PEDRICK,            )
MARIANNA GLEATON PEDRICK,)          CHAPTER 7 CASE NO.:  21-40234-EJC
                                                               )
                    DEBTORS.      )

**ORDER DENYING DEBTORS' MOTION TO CONVERT TO CHAPTER 13**

The Trustee, Tiffany E. Caron. ("Trustee"), having filed an Objection to Debtors' Motion to Convert to Chapter 13, (the "Objection"), proper notice having been given, and it appearing that such objection should be sustained, after notice and hearing, it is therefore,

ORDERED, ADJUDGED, and DECREED that the Motion filed by the Debtors in the above captioned Chapter 7 case is hereby DENIED for the reasons set forth in the Trustee's Objection.

END OF DOCUMENT

Prepared By:

/s/ Tiffany E. Caron
Tiffany E. Caron
Georgia Bar No. 745089
P.O. Box 711
West Palm Beach, FL 33402
404-647-4917
Tiffany.caron@hotmail.com
*Chapter 7 Trustee*